GAIDRY, J.,
concurring.
|tI respectfully concur in the result reached by the majority, as we are bound by the supreme court’s holding in the recent case of Gingles v. Dardenne, 08-2995 (La.3/13/09), 4 So.2d 799. But I must express my disagreement with the rationale utilized by the supreme court. In Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544, the supreme court reviewed the form prescribed by the commissioner of insurance for selection of UM coverage alternatives, noting that the bulletin prescribing the form specifically stated that “the company name must be placed at the lower left-hand corner and the policy number at the lower right-hand corner of the Form.” I fail to see the logical distinction in result between an insurer’s failure to “fill in” or place a policy number in the designated location (Duncan) and an insurer’s failure to place its company name in the designated location (Gingles). Both tasks are plainly required by the commissioner’s bulletin and form, although the latter was not mentioned in Duncan.